UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUANA HERRERA,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:19-cv-199 |
| | §<br>§ | |
| WAL-MART STORES, INC., D/B/A<br>WAL-MART STORE NO. 456,<br>　　Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED PETITION & REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Juana Herrera ("Plaintiff") files her Original Petition & Request for Disclosure against Wal-Mart Stores Texas, L.L.C., ("Defendant") and would respectfully show this Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

## II. REQUEST FOR DISCLOSURE

2.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within **fifty days** of the service of this request.

## III. PARTIES

3.1     Plaintiff Juana Herrera is a resident of Brownsville, Cameron County, Texas. The last three digits of Plaintiff's Social Security number are 323. The last three digits of Plaintiff's Texas driver's license number are 045.

3.2     Defendant **Wal-Mart Stores Texas, L.L.C.,** is a Foreign For-Profit Corporation, authorized to do business in Cameron County and the State of Texas. Process should be served on

Defendant by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### IV. MISNOMER/ALTER EGO

4.1   In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V.   VENUE & JURISIDICTION

5.1   This court has jurisdiction in this cause since the damages to Plaintiff exceed the minimum jurisdictional limits of this Court.

5.2   Venue is proper in Cameron County, Texas, because it is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred.  TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(2) and 15.005.

### VI.  FACTS

6.1   On or about September 18, 2017, Plaintiff was an invitee, on the premises owned, operated and/or maintained by Defendant **Wal-Mart Stores Texas, L.L.C.,** (hereinafter referred to as "Defendant" and/or "Wal-Mart") located at 3500 W. Alton Gloor, Blvd., Brownsville, TX 78520. Plaintiff was shopping at Defendant's establishment, walking through the clothing section when she suddenly slipped and fell.  Plaintiff slipped on a liquid bodywash substance that was spilled throughout a large area on the floor in Defendant's establishment.  The bodywash appeared to be dirty in color, showing that it had been there long enough for Defendant's managers and/or employees to notice it.

6.2   The manager on duty came over after the incident occurred and apologized to Plaintiff. The manager immediately called over two female associates, who proceeded to clean up the bodywash with a mop and large amounts of paper towels.  Defendant's employees and manager had actual knowledge of the defective condition in their store.  Further, Defendant's employees and manager had

constructive notice of the defective condition and a reasonable inspection would have uncovered that defective condition prior to the incident. Plaintiff's fall was due to Defendant's negligence and failure to maintain its store in a safe condition during normal hours of operation.

6.3   This was a condition which posed an unreasonable risk of harm. Defendant's employees, store managers and management were grossly negligent in not posting signs warning patrons of this clear and unreasonable risk of harm. There were no signs to warn of the dangerous condition. Nothing Plaintiff did or failed to do in any way contributed to her injuries.

6.4   Plaintiff specifically invokes her right to institute against whatever entity was conducting business under the assumed or common names of "Wal-Mart Stores, Inc., d/b/a Walmart Store 456" with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## VII. NEGLIGENCE OF DEFENDANT

7.1   Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to exercise reasonable care in maintaining its store and property in a safe condition during normal hours of operation. Defendant owed a duty to make sure the floor in their control and on their premises remained safe at all times, especially when patrons would be in their store.

7.2   Defendant breached the duty owed to Plaintiff by failing to properly maintain its store and property in a safe condition. Defendant was negligent on the occasion in question and proximately caused Plaintiff's injuries by:

        A.   In failing to monitor the condition of the floor in the store;

        B.   In failing to properly train its employees;

        C.   In failing to promptly clean up spilled items;

        D.   In failing to mark off specific areas as hazardous or dangerous;

        E.   In failing to provide proper supervision;

      F.     In failing to provide adequate safety procedures;

      G.    In failing to provide policies to remedy the dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present in its store;

      H.    In failing to warn others that a dangerous condition existed;

      I.     In creating a hazard to others; and

      J.     In more particularity to be shown at trial.

7.3   Plaintiff did not receive any information or warnings of the hazardous, spilled bodywash on the floor in Defendant's store prior to the incident, and was without fault. Defendant and its agents, servants and/or employees were responsible for communication of information, the safety, condition, securing and inspection of the hazardous, spilled bodywash on the floor in their store.

7.4   At the time in question, Defendant controlled the exact premises in question where the incident took place. Defendant owed and assumed a duty to provide information and a safe premises. The condition of the floor, and the failure to properly warn, secure, maintain, and inspect the store's hazardous, spilled bodywash on the floor, posed an unreasonable risk of harm of which the Defendant had actual knowledge. Defendant breached their duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the premises safe from the unreasonably dangerous, unsafe, hazardous, wet area on the floor, which was a dangerous condition. The Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

7.5   Each and every act and/or omission of the above, collectively and/or singularly, were a proximate cause of the incident in question and the resulting injuries to Plaintiff.

## VIII. PREMISES LIABILITY

8.1   It has become necessary to bring this lawsuit by reason of injuries and damages suffered by our Plaintiff on September 18, 2017 while on the premises owned, operated and/or

maintained by Defendants **Wal-Mart Stores Texas, L.L.C.,** (hereinafter referred to as "Defendant") located at 3500 W. Alton Gloor Blvd., Brownsville, TX 78520. Plaintiff would show that on or about that date, she was an invitee on the premises when suddenly and without warning Plaintiff was injured due to a dangerous condition existing on Defendant's premises, causing Plaintiff serious permanent and painful bodily injuries. Defendant requested, allowed, permitted and encouraged Plaintiff to enter onto the premises. Consequently, Plaintiff was an invitee whom Defendant owed a duty to use ordinary care, including the duty to inspect, protect and guard Plaintiff from unreasonably dangerous conditions existing on its premises or to warn her of their existence. Plaintiff was exercising ordinary care when she suddenly and unexpectedly fell. Plaintiff was seriously injured due to the dangerous condition and/or hazard existing on the premises which Defendant, its agents, servants, and employees knew or should have known existed caused by Defendant. As a result of the aforesaid dangerous condition, Plaintiff sustained severe and permanent injuries. Plaintiff would show that nothing she did nor failed to do caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would respectfully show unto this Honorable Court and Jury that the Defendant failed to perform the above-stated duties and, therefore, was negligent as that term is understood under the laws of the State of Texas in one or more of the following respects:

(1) in failing to continually have the premises inspected for dangerous conditions and/or hazards located on the premises;

(2) in failing to remedy the dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present on its premises;

(3) in failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dangerous condition and/or hazard located on said premises; and

(4) in more particularity to be shown at trial.

Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence and negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

8.2 In the alternative, without waiving the foregoing, Plaintiff would show that she was a licensee on the premises in question occupied and/or control by Defendant. Defendant knew of an unreasonably dangerous condition existing in their store, which posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## IX. TOTAL DAMAGES

9.1 As a result of the incident made the basis of this lawsuit, Plaintiff at this time is seeking monetary relief of $1,000,000.00 or less, and a demand for judgment for all other relief to which the Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

## X. DAMAGES

10.1 Plaintiff has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, disfigurement and past and future lost wages. Plaintiff sustained reasonable and necessary past and future medical bills and expenses, and she will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

10.2	Therefore, Plaintiff maintains this suit against Defendant for each of her foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## XI.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

11.1	In addition to the above mentioned and foregoing allegations, Plaintiff further pleads that he is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XII. COURT COSTS

12.1	Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## XIII. PRESERVING EVIDENCE

13.1	Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Juana Herrera requests that Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiff recover damages from Defendant in accordance with the evidence, and as the jury deem her deserving, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which she is justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until

paid, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HINOJOSA LAW, PLLC**

By: _____
Richard A. Hinojosa
State Bar No. 24068885
150 W. Parker Rd., Ste. 201
Houston TX 77076
(713) 884-1663 Telephone
(713) 422-2493 Facsimile
richardhinojosa@hinojosalaw.com
e-service@hinojosalaw.com
**Attorney for Plaintiff**